DEE E. ROBERTS, EMPLOYEE, PLAINTIFF v. ABR ASSOCIATES, INCORPORATED, EMPLOYER, AND U. S. FIRE INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 9010IC337

(Filed 18 December 1990)

1. **Appeal and Error § 418 (NCI4th)— argument not supported by assignment of error—assignment not argued in brief—no consideration on appeal**

    An argument not supported by an assignment of error and an assignment of error not argued in the brief will not be considered on appeal. N.C.G.S. § 1A-1, Rule 10(a).

    **Am Jur 2d, Appeal and Error § 649.**

2. **Master and Servant § 89.4 (NCI3d)— workers' compensation— recovery from third party—reimbursement for treatment expenses—showing required**

    An employer or insurance carrier claiming a right to reimbursement under N.C.G.S. § 97-10.2(f)(1)(c) must show, pursuant to N.C.G.S. § 97-25, (1) that the treatment provided was in the form of medical treatment, surgical treatment, hospital treatment, nursing services, medicines, sick travel, rehabilitation services, or other treatment including medical and surgical supplies *and* (2) that the treatment provided was reasonably required either to effect a cure, give relief, or lessen the period of plaintiff's disability.

    **Am Jur 2d, Workmen's Compensation §§ 429, 437, 440.**

3. **Master and Servant § 89.4 (NCI3d) — workers' compensation — recovery from third party — reimbursement of rehabilitation expenses — insufficient findings**

The Industrial Commission made insufficient findings to support its conclusion that an expense of $3,301.31 incurred by defendant insurance carrier for a rehabilitation specialist constituted a lien pursuant to N.C.G.S. § 97-10.2 on third-party settlement funds collected by plaintiff where the Commission made no findings as to whether the services were reasonably required either to effect a cure, give relief, or lessen the period of disability.

**Am Jur 2d, Workmen's Compensation §§ 429, 437, 440.**

4. **Master and Servant §§ 75, 89.4 (NCI3d) — workers' compensation — rehabilitation expenses — Commission approval unnecessary**

The requirement of Industrial Commission approval pursuant to N.C.G.S. § 97-90(a) does not apply to the costs of rehabilitation services provided under N.C.G.S. § 97-25. Therefore, defendant carrier did not need the Commission's approval for expenses incurred for rehabilitation services provided to plaintiff in order to obtain reimbursement for those expenses.

**Am Jur 2d, Workmen's Compensation § 387.**

APPEAL by plaintiff from order of North Carolina Industrial Commission filed 29 December 1989. Heard in the Court of Appeals 25 October 1990.

*Rand, Finch & Gregory, P.A., by Anthony E. Rand, for plaintiff-appellant.*

*Crossley McIntosh & Prior, by Francis B. Prior, for defendant-appellees.*

GREENE, Judge.

The plaintiff appeals the Opinion and Award of the Industrial Commission filed 29 December 1989 in which the Full Commission concluded that an expense of $3,301.31 incurred by the defendant's insurance carrier (defendant-carrier) constitutes a lien pursuant to N.C.G.S. § 97-10.2 (1985) on third party settlement funds collected by the plaintiff.

ROBERTS v. ABR ASSOCIATES, INC.

[101 N.C. App. 135 (1990)]

On 25 November 1986, the plaintiff was injured in an automobile accident caused by a third party's negligence. Because the accident occurred during the course and scope of her employment, the defendant, the plaintiff's employer, paid workers' compensation benefits to and on behalf of the plaintiff. Eventually, the plaintiff settled her negligence claim with the third party for $75,000. Between the time of the accident and the resulting settlement, the defendant-carrier, also a defendant in this case, employed American Rehabilitation, Inc. to provide services for the plaintiff. With regard to the services performed, the Full Commission made the following finding of fact:

> 1. On or about January 9, 1987, the defendant carrier employed the services of American Rehabilitation to coordinate the treatment rendered by the physicians involved and to attempt to return the employee to gainful employment as soon as he [sic] was medically able to do so. The duties performed by the rehabilitation specialists included arranging appointments with the various physicians, accompanying the employee to the physicians, reviewing the doctors' reports and making verbal as well as written reports on the employee's progress. The rehabilitation specialist, on one occasion. [sic] identified a potential medical problem, which up to that point had not been addressed by the employee's treating physician, took the initiative and obtained an appointment with a plastic surgeon. She then accompanied the employee with the pertinent medical information to that physician. From time to time she issued reports on the progress of the case to the insurance carrier. In addition, she discussed from time to time the progress of the plaintiff's treatment with the plaintiff's attorney.

After American Rehabilitation provided these services, it submitted its bill for $3,301.31 to the defendant-carrier, and the defendant-carrier paid it.

From the $75,000 settlement with the negligent third party, the plaintiff reimbursed the defendant for the workers' compensation benefits paid to or on behalf of the plaintiff. However, the plaintiff refused to reimburse the defendant-carrier for the amount spent on the services rendered by American Rehabilitation. The defendant-carrier claims it is entitled to a lien pursuant to N.C.G.S. § 97-10.2 in the amount of $3,301.31, the amount it paid for the services. In May, 1988, Commissioner William H. Stephenson ordered

ROBERTS v. ABR ASSOCIATES, INC.

[101 N.C. App. 135 (1990)]

that $3,301.31 of the settlement proceeds be kept in escrow account pending a determination concerning the defendant-carrier's rights. This case was first heard before Deputy Commissioner Richard B. Ford on 7 February 1989. In his Opinion and Award filed 14 March 1989, Deputy Commissioner Ford denied the defendant-carrier's claim of lien against the settlement funds in the amount of $3,301.31. On appeal, the Full Commission reversed Deputy Commissioner Ford's decision, thus granting the defendant-carrier's claim of lien.

---

The issues are: (I) whether there was any competent evidence before the Full Commission to support its findings of fact; (II) whether the Full Commission's conclusions of law are supported by adequate findings of fact; and (III) whether the requirement of Commission approval pursuant to N.C.G.S. § 97-90(a) (1985) applies to the costs of rehabilitation services provided under N.C.G.S. § 97-25 (1985).

I

The plaintiff argues that three portions of the Full Commission's two findings of fact are unsupported by the evidence. When an appellate court reviews an appeal from the Industrial Commission, the court

is limited in its inquiry to two questions of law: (1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether the Commission's findings of fact justify its legal conclusions and decision.

*Sanderson v. Northeast Constr. Co.*, 77 N.C. App. 117, 120-21, 334 S.E.2d 392, 394 (1985). If there is competent evidence in the record to support the Commission's findings of fact, those findings will be conclusive on appeal even where other evidence in the record supports contrary findings of fact. *Id.*

(A)

First, the plaintiff argues that the following portion of the Commission's first finding of fact is unsupported by the evidence. We agree.

On or about January 9, 1987, the defendant carrier employed the services of American Rehabilitation . . . to attempt to return the employee to gainful employment as soon as he [sic] was medically able to do so.

ROBERTS v. ABR ASSOCIATES, INC.

[101 N.C. App. 135 (1990)]

The record contains no evidence to support this finding of fact. When asked about the services American Rehabilitation provides to injured employees, Ms. Bender, one of the rehabilitation nurses who provided services for the plaintiff, testified:

> Normally, we coordinate the medical. Go with the claimant to the doctor's office and try to help facilitate getting the claimant back to work as early as possible when the doctor says that they are medically ready to return to work.

The defendants argue that this evidence supports the Commission's finding of fact. Although Ms. Bender's subsequent testimony tends to show that she in fact coordinated the medical aspects of the plaintiff's case, and that she accompanied the plaintiff to the doctor's office, there is no evidence in the record to support the finding that the defendant-carrier employed American Rehabilitation to attempt to return *the plaintiff* to gainful employment as soon as she was medically able. However, because this finding is not necessary to support any relevant conclusion, the fact that it is not supported in the evidence is immaterial.

(B)

Second, the plaintiff argues that another portion of the first finding of fact is unsupported by the evidence. It reads:

> The rehabilitation specialist, on one occasion. [sic] identified a potential medical program, which up to that point had not been addressed by the employee's treating physician, *took the initiative* and obtained an appointment with a plastic surgeon. [Emphasis added.]

The plaintiff argues that from the defendant-carrier's own records it is obvious that the rehabilitation specialist had not *taken the initiative*, rather, it was the plaintiff's attorney who had done so. In a report made by Ms. Bender, Ms. Bender wrote:

> Dr. Logel did not think the numbness in the bottom of the claimant's left foot was significant. After Dr. Logel left the room, I told the claimant that I had made an appointment for her to be evaluated by Dr. John Briggs, a plastic surgeon, on Tuesday, April 14, 1987. She seemed pleased. *She said her attorney had told her about another plastic surgeon with whom he was going to schedule an appointment, but she agreed to go to Dr. Briggs.* [Emphasis added.]

This report supports the questioned portion of the Commission's first finding of fact. This report tends to show that Ms. Bender had scheduled an appointment with the plastic surgeon before speaking with the plaintiff about the matter, that at the time Ms. Bender made the appointment, she did not know that the plaintiff's attorney was thinking about doing the same with another plastic surgeon, and of even more importance, that the plaintiff's attorney had not scheduled an appointment for the plaintiff at the time Ms. Bender scheduled the plaintiff's appointment. Because Ms. Bender was the first to schedule an appointment for the plaintiff with a plastic surgeon, and because she scheduled the appointment without knowing about the plaintiff's attorney's plans, the Commission's finding of fact is supported by the evidence.

(C)

[1] Third, the plaintiff argues that the services were not rendered pursuant to N.C.G.S. § 97-25 because the Commission did not make any findings of fact that the services were rendered to "effect a cure," "give relief," or would tend to "lessen the period of disability." Because this argument is unsupported by an assignment of error, we do not consider it on this appeal. N.C.R. App. P. 10(a). Furthermore, because the plaintiff does not argue in her brief her third assignment of error questioning the sufficiency of the evidence to support a portion of the Commission's second finding of fact, this assignment of error is deemed abandoned. N.C.R. App. P. 28(b)(5).

II

The plaintiff argues that the Commission's following conclusions of law are not supported by adequate findings of fact. The conclusions of law read as follows:

1. The expense of $3,301.31 incurred by the defendant carrier with American Rehabilitation constitutes a lien on the third party settlement funds for said sum of $3,301.31 under the provisions of G.S. 97-10.2.

2. The defendant carrier is entitled to subrogation out of said third party settlement funds for said sum of $3,301.31, subject to counsel fee.

Specifically, the plaintiff argues that before the Commission may conclude that the defendant-carrier is entitled to a lien or subroga-

ROBERTS v. ABR ASSOCIATES, INC.

[101 N.C. App. 135 (1990)]

tion under N.C.G.S. § 97-10.2(f)(1) (1985), the Commission must first find as fact pursuant to N.C.G.S. § 97-25 that the services were rehabilitative in nature as here contended by the defendant-carrier and reasonably "required to effect a cure or give relief" to the plaintiff. We agree.

"Although the Commission's findings are conclusive on appeal if supported by competent evidence, its legal conclusions are reviewable by our appellate courts. . . . Particularly, when the factual findings are insufficient to determine the rights of the parties, the court *may* remand to the Commission for additional findings." *Grant v. Burlington Indust.*, 77 N.C. App. 241, 247, 335 S.E.2d 327, 332 (1985) (citation omitted) (emphasis added). *See also Thomason v. Red Bird Cab Co.*, 235 N.C. 602, 70 S.E.2d 706 (1952).

North Carolina Gen. Stat. § 97-10.2(f)(1)(c) (1985) provides that reimbursement may be had by the employer "for all benefits by way of compensation or medical treatment expenses paid" for the injured employee. Additionally, N.C.G.S. § 97-10(g) (1985) provides that "[t]he insurance carrier affording coverage to the employer under this Chapter shall be subrogated to all rights and liabilities of the employer. . . ." Therefore, through subrogation, the employer's insurance carrier is also entitled to reimbursement under N.C.G.S. § 97-10.2(f)(1)(c). To determine what types of medical treatment expenses may be provided by an employer or its insurance carrier, we must look to N.C.G.S. § 97-25. Under N.C.G.S. § 97-25, a statute entitled "Medical treatment and supplies," rehabilitation services are listed as a type of treatment which may be provided by an employer or its insurance carrier. The statute reads, in pertinent part, as follows:

> Medical, surgical, hospital, nursing services, medicines, sick travel, rehabilitation services, and other treatment including medical and surgical supplies as may reasonably be required to effect a cure or give relief and for such additional time as in the judgment of the Commission will tend to lessen the period of disability, . . . shall be provided by the employer.

[2, 3]  As N.C.G.S. § 97-10.2(f)(1)(c) and N.C.G.S. § 97-25 relate to the same subject matter, they must be construed *in pari materia*. *Carolina Beach Fishing Pier, Inc. v. Town of Carolina Beach*, 274 N.C. 362, 163 S.E.2d 363 (1968); *Becker County Sand & Gravel Co. v. Taylor*, 269 N.C. 617, 153 S.E.2d 19 (1967). A fair and reasonable reading of these statutes requires the party claiming a right to

reimbursement under N.C.G.S. § 97-10.2(f)(1)(c), i.e., the employer or its insurance carrier, to show, pursuant to N.C.G.S. § 97-25, (1) that the treatment provided was in the form of medical treatment, surgical treatment, hospital treatment, nursing services, medicines, sick travel, rehabilitation services, or other treatment including medical and surgical supplies *and* (2) that the treatment provided was reasonably required for at least one of three purposes, namely, to effect a cure, give relief, or lessen the period of the plaintiff's disability. Additionally, the Commission must make findings of fact regarding (1) whether the treatment provided was in the form of medical treatment, surgical treatment, hospital treatment, nursing services, medicines, sick travel, rehabilitation services, or other treatment including medical and surgical supplies *and* (2) whether it was reasonably required to effect a cure, give relief, or lessen the period of the plaintiff's disability. *Schofield v. The Great Atlantic & Pacific Tea Co.*, 299 N.C. 582, 595, 264 S.E.2d 56, 64-65 (1980); *Hudson v. Mastercraft Div., Collins & Aikman Corp.*, 86 N.C. App. 411, 418, 358 S.E.2d 134, 138, *disc. rev. denied*, 320 N.C. 792, 361 S.E.2d 77 (1987). Here, the Commission failed to make the necessary finding as to whether the services were reasonably required for one of the three purposes. Because there are insufficient findings to determine the rights of the parties under N.C.G.S. § 97-10.2(f)(1)(c) and N.C.G.S. § 97-25, we vacate the Opinion and Award of the Full Commission and remand it for findings consistent with this opinion, such findings to be made on the evidence previously presented to the Commission.

III

[4] The plaintiff argues that the Commission's conclusion of law that N.C.G.S. § 97-90(a) does not apply in this case is an error of law. Specifically, the plaintiff argues that because the defendant-carrier did not seek approval from the Industrial Commission as required by N.C.G.S. § 97-90(a) for the charges paid to American Rehabilitation for the services provided to the plaintiff, the defendant-carrier may not be reimbursed for these charges under N.C.G.S. § 97-10.2(f)(1)(c). The conclusion of law reads in pertinent part as follows:

> We are of the opinion that the provisions of G.S. 97-90 do not control when we determine what the subrogation interest of a carrier should be in a given case. The service rendered by the rehabilitation specialists in our view was required under

the provisions of G.S. 97-25 and is properly a part of the costs of the claim which may be recouped as subrogation from the third party funds.

North Carolina Gen. Stat. § 97-90(a) reads in pertinent part as follows:

Fees for attorneys and physicians and charges of hospitals for services and charges for nursing services, medicines and sick travel under this Article shall be subject to the approval of the Commission. . . .

Although medical treatment, hospital treatment, nursing services, medicines, sick travel, and rehabilitation services were expressly included under N.C.G.S. § 97-25 as treatment which may be provided by the employer, and although charges for medical treatment, hospital treatment, nursing services, medicines, and sick travel were included in N.C.G.S. § 97-90(a), our legislature did not include charges for rehabilitation services in the N.C.G.S. § 97-90(a) list of charges subject to Commission approval. Furthermore, when our legislature amended both N.C.G.S. § 97-25 and N.C.G.S. § 97-90(a) in 1973, the legislature added the words "rehabilitation services" to N.C.G.S. § 97-25, but did not add those words to N.C.G.S. § 97-90(a). Therefore, under the canon of statutory construction *expressio unius est exclusio alterius*, we conclude that our legislature did not intend N.C.G.S. § 97-90(a) to include rehabilitation services. Consequently, because N.C.G.S. § 97-90(a) does not require approval of the Commission for rehabilitation services, the defendant-carrier did not need the Commission's approval for the charges connected with the services provided by American Rehabilitation in order to obtain reimbursement for those expenses under N.C.G.S. § 97-10.2(f)(1)(c).

In summary, we vacate the award, the conclusions of law, and that part of the Commission's first finding of fact which is unsupported by the evidence. The case is remanded for new findings as may be supported by the evidence in the record and for new conclusions as may be supported by the new findings, if any.

Vacated and remanded.

Judges ORR and DUNCAN concur.

Judge DUNCAN concurred in this opinion prior to 30 November 1990.