MEDFORD L. AUSTIN, ADMINISTRATOR OF THE ESTATE OF MEDFORD JEROME AUSTIN, DECEASED, Plaintiff v. RICHARD AARON MIDGETT and THEODORE STOCKTON MIDGETT, JR., Defendants

No. COA02-1127-2

(Filed 2 November 2004)

**Insurance— uninsured motorist—determining amount due— credits for payment from other carriers**

There are two determinations to be made in determining the amount due a plaintiff from an uninsured motorist policy: the limit of UIM coverage applicable to the motor vehicle and the amount plaintiff is entitled to recover under the statute. This case was remanded for a determination of the amount of loss suffered by plaintiff, which is necessary to the second determination (the parties had stipulated only that the loss was in excess of $200,000). Finally, Integon, the unnamed defendant, is not entitled to any credit by virtue of an overpayment to plaintiff by State Farm, another UIM carrier.

Appeal by unnamed defendant Integon National Insurance Company from judgment entered 21 March 2002 by Judge J. Richard Parker in Dare County Superior Court. Heard in the Court of Appeals 14 May 2003; opinion at *Austin v. Midgett*, 159 N.C. App. 416, 583 S.E.2d 405 (2003). Petition for rehearing granted on 23 September 2003.

*Law Offices of Johnny S. Gaskins, by Johnny S. Gaskins, for plaintiff-appellee.*

*Bennett & Guthrie, P.L.L.C., by Rodney A. Guthrie, for unnamed defendant-appellant, Integon National Insurance Company.*

STEELMAN, Judge.

This matter was previously heard by the Court of Appeals on 14 May 2003, and a decision was rendered in *Austin v. Midgett*, 159 N.C. App. 416, 583 S.E.2d 405 (2003). On 23 September 2003, pursuant to Rule 31 of the North Carolina Rules of Appellate Procedure, this Court granted the petition of the unnamed defendant, Integon National Insurance Company (Integon), for rehearing. This Court granted the petition to rehear on the limited issue of the proper appli-

cation of a credit arising out of a $50,000.00 payment made by Farm Bureau in this matter.

The facts in this matter are set forth in this Court's previous opinion, *Austin v. Midgett*, 159 N.C. App. 416, 583 S.E.2d 405 (2003).

Integon contends that this Court erred in the application of the credits due to Integon as an underinsured motorist (UIM) carrier for the payments made by the primary liability insurance carrier. We agree and remand this matter to the trial court for further findings.

This issue requires the construction of N.C. Gen. Stat. § 20-279.21(b)(4), which defines the limit of underinsured motorist coverage:

> Underinsured motorist coverage is deemed to apply to the *first dollar* of an underinsured motorist coverage claim beyond amounts paid to the claimant under the exhausted liability policy. In any event, the *limit* of underinsured motorist coverage applicable to any claim is determined to be the difference between the amount paid to the claimant under the exhausted liability policy or policies and the *limit* of underinsured motorist coverage applicable to the motor vehicle involved in the accident.

N.C. Gen. Stat. § 20-279.21(b)(4) (2003) (emphasis added).

In our original decision we held that the payments made under the exhausted liability policy reduced the limit of liability of the UIM carrier. While this holding was correct in terms of the total potential exposure of the UIM carrier, it resulted in an incorrect computation of the amount that the appellant Integon was required to pay to plaintiff. We now hold that there are two determinations that must be made in determining the amount due to a plaintiff from an underinsured motorist coverage policy.

First, we must determine the "limit of underinsured motorist coverage applicable to the motor vehicle involved in the accident." N.C. Gen. Stat. § 20-279.21(b)(4). This is determined by taking Integon's policy limits for underinsured motorist coverage of $100,000.00 and subtracting the portion of the credit for the Farm Bureau policy to which Integon is entitled of $25,000.00.[1] This leaves

---

1. "Plaintiff accepted payment from Farm Bureau in the amount of $50,000.00, thereby exhausting the amount of recovery under Midgett's liability insurance coverage. The sum tendered by Farm Bureau was credited against any amounts paid to plaintiff by Integon and State Farm, [the two UIM carriers]. Integon and State Farm agreed to divide the credit equally, with each receiving a credit of $25,000.00." *Austin*, 159 N.C. App. at 418, 583 S.E.2d at 407.

a total of $75,000.00 of underinsured motorist coverage available to plaintiff under Integon's policy. This is the limit of Integon's exposure in this case.

Second, we must determine the amount that plaintiff is entitled to recover under the provisions of N.C. Gen. Stat. § 20-279.21(b)(4) and 20-279.21(e). Our previous opinion held that plaintiff was entitled to recover from Integon, the sum of $66,573.51 under the UIM coverage, together with any accrued prejudgment interest up to its limit of liability of $75,000.00. However, ths calculation failed to take into account the fact that plaintiff had already received $25,000.00 towards the Integon portion of the UIM claim from Farm Bureau. As Integon correctly points out, this computation results in a $25,000.00 windfall to the plaintiff.

In this matter, the parties entered into a number of stipulations. Two of these stipulations are relevant to our resolution of this case:

4. The amount of damages sustained by the Estate of Medford Jerome Austin exceeds the sum of two hundred thousand dollars ($200,000.00).

11. In exchange for plaintiff's covenant recited above, State Farm and Integon will consent to a Judgment in this action in favor of the plaintiff in the amount of $200,000.00.

N.C. Gen. Stat. § 20-279.21(e) provides that:

Uninsured or underinsured motorist coverage that is provided as part of a motor vehicle liability policy shall insure that portion of a loss uncompensated by any workers' compensation law and the amount of an employer's lien determined pursuant to G.S. 97-10.2(h) or (j). In no event shall this subsection be construed to require that coverage exceed the applicable uninsured or underinsured coverage limits of the motor vehicle policy or allow a recovery for damages already paid by workers' compensation.

N.C. Gen. Stat. § 20-279.21(e) (2003). The parties stipulated the loss suffered by the estate "exceeds the sum of two hundred thousand dollars." N.C. Gen. Stat. § 20-279.21(e) provides that uninsured or underinsured motorist coverage "shall insure that portion of a loss uncompensated by any workers' compensation law[.]" In this case, we do not know the exact amount of the loss plaintiff suffered, only that it is in excess of $200,000.00. Even though the parties stipulated as to

AUSTIN v. MIDGETT

[166 N.C. App. 740 (2004)]

the amount of the judgment to be entered, we cannot use this amount as a substitute for the total loss incurred. This is so because this stipulation only serves to cap the overall liability of the individual defendants and the underinsured motorist carriers, not the total loss suffered. We therefore remand this matter to the trial court to determine the amount of the total loss suffered by plaintiff. Once the trial court determines this amount, it shall compute the amount due to plaintiff from the underinsured motorist carrier, Integon, in accordance with the remainder of this opinion.

The total amount of the loss shall be reduced by the amount of workers' compensation payments received by plaintiff of $100,278.98. To this amount, there shall be added the amount of the workers' compensation lien of $33,426.00. (Under the provisions of N.C. Gen. Stat. § 20-279.21(e) the uninsured and underinsured motorist carriers are liable for the amount of this lien.) This sum shall then be reduced by the $50,000.00 payment made by the primary carrier, Farm Bureau. The figure determined shall then be divided in half because Integon and State Farm each had a $100,000.00 UIM policy. Integon shall be liable for that amount, plus any prejudgment interest applicable under the provisions of Chapter 24 of the North Carolina General Statutes, up to the limit of its underinsured motorist coverage of $75,000.00, as computed above.

Integon further argues that it is entitled to a credit for the amount that State Farm paid under its UIM policy over and above the amounts due under the above computation. The judgment of the trial court established liability of the two UIM carriers separately. State Farm elected not to appeal Judge Parker's judgment. The only matter before this Court is the appeal of Integon, and we find that Integon is not entitled to any credit by virtue of any overpayment that might possibly have been made to plaintiff by State Farm.

This matter is remanded to the Superior Court of Dare County for a determination of the total loss incurred by plaintiff as required under N.C. Gen. Stat. § 20-279.21(e) and the computation of the amount owed by Integon to plaintiff in accordance with this opinion.

Judges TIMMONS-GOODSON and HUDSON concur.