JOYCE HOYLE, Plaintiff-Employee, v. CAROLINA ASSOCIATED MILLS, Defendant-Employer, and LIBERTY MUTUAL INSURANCE, Defendant-Carrier

No. COA95-196

(Filed 21 May 1996)

1. **Workers' Compensation § 235 (NCI4th)— payments for temporary total disability—presumption of continuance—insufficiency of record to determine applicability**

There was no merit to plaintiff's contention that the Industrial Commission erred by failing to apply the presumption of *Watkins v. Motor Lines*, 279 N.C. 132, that her temporary total disability continued until she returned to work at the same wage earned prior to injury, since the parties stipulated that plaintiff was paid compensation for temporary total disability for a period not specifically identified in the record; and because the record did not reveal whether the payments made by defendants pursuant to approved agreements were payable during disability, the Court could not determine whether the *Watkins* presumption should have been applied.

**Am Jur 2d, Workers' Compensation §§ 395-399.**

2. **Workers' Compensation § 406 (NCI4th)— preexisting condition aggravated by injury—failure to make determination—error**

The Industrial Commission erred in failing to make a determination as to whether plaintiff's 9 October 1986 injury aggravated a preexisting condition so that it contributed in some reasonable degree to her current disability.

**Am Jur 2d, Workers' Compensation § 615.**

Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 15 December 1994. Heard in the Court of Appeals 15 November 1995.

*Killian and Reilly, by Mark L. Killian, for plaintiff-appellant.*

*Alala Mullen Holland & Cooper, P.A., by H. Randolph Sumner and Jesse V. Bone, Jr., for defendants-appellees.*

LEWIS, Judge.

On 9 October 1986, plaintiff injured her back and right leg while at work. The parties have stipulated that this was an injury by accident arising out and in the course of her employment. Pursuant to a Form 21 agreement, defendants accepted the accident as compensable and paid compensation for temporary total disability for a period of four months. Plaintiff filed a Form 33 Request for Hearing seeking payment for permanent partial disability or permanent total disability. On 17 September 1991, a hearing was held before Deputy Commissioner Charles Markham. In opinion filed 23 March 1993, Deputy Commissioner Markham denied plaintiff's claim. She appealed to the Full Commission which denied her claim in opinion filed 15 December 1994. Plaintiff appeals.

In an appeal from the Industrial Commission our review is limited to a determination of whether the findings of the Commission are supported by " 'any competent evidence,' " and " 'whether the Commission's findings of fact justify its legal conclusions and decision.' " *Roberts v. A.B.R. Assocs., Inc.*, 101 N.C. App. 135, 138, 398 S.E.2d 917, 918 (1990) (quoting *Sanderson v. Northeast Constr. Co.*, 77 N.C. App. 117, 120-21, 334 S.E.2d 392, 394 (1985)). The Commission's findings of fact are conclusive on appeal if supported by competent evidence; however, its legal conclusions are reviewable on appeal. *Roberts*, 101 N.C. App. at 141, 398 S.E.2d at 920.

[1] In her first assignment of error, plaintiff contends that the Commission erred by failing to apply the presumption, in *Watkins v. Motor Lines*, 279 N.C. 132, 181 S.E.2d 588 (1971), that her temporary total disability continues until she returns to work at the same wage earned prior to the injury.

N.C. Gen. Stat. section 97-2(9) defines "disability" as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." G.S. § 97-2(9) (Cum. Supp. 1995). In order to find a worker disabled under the Workers' Compensation Act, the Commission must find: (1) that plaintiff was incapable after her injury of earning the same wages she earned before her injury in the same employment, (2) that she was incapable after her injury of earning the same wages she earned before her injury in any other employment, and (3) that her incapacity to earn was caused by her injury. *See Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982).

Under the *Watkins* presumption, if the Commission makes an award payable during disability, it is presumed that the disability continues until the employee returns to work and that the disability ends when the employee returns to work at the same wages he was receiving at the time of the injury. *Watkins*, 279 N.C. at 137, 181 S.E.2d at 592. The *Watkins* presumption only applies if the Commission approves an award payable during disability. *See Nash v. Conrad Industries*, 62 N.C. App. 612, 619, 303 S.E.2d 373, 377, *aff'd per curiam*, 309 N.C. 629, 308 S.E.2d 334 (1983) (citing *Tucker v. Lowdermilk*, 233 N.C. 185, 63 S.E.2d 109 (1951)). For example, an award of payments that continue "for necessary weeks" is payable during disability. *See Nash*, 62 N.C. App. at 619, 303 S.E.2d at 377.

The *Watkins* presumption has been applied when an employee requests additional temporary total disability payments after an employer has ceased making payments it had agreed to pay during disability. *E.g. Radica v. Carolina Mills*, 113 N.C. App. 440, 439 S.E.2d 185 (1994); *Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 374 S.E.2d 483 (1988). Here, plaintiff is not requesting additional compensation for temporary total disability, but is seeking compensation for permanent disability. Furthermore, the stipulation was for "temporary total disability," not permanent. She cites no cases and we have found none that apply the *Watkins* presumption in this context.

HOYLE v. CAROLINA ASSOCIATED MILLS

[122 N.C. App. 462 (1996)]

However, we need not decide whether the presumption applies here because the record does not show that the payments made by defendants were payable during disability. The parties stipulated at the hearing that, on 9 October 1986, plaintiff sustained an injury by accident arising out of and in the course of her employment and that this accident resulted in injuries to her back and right leg. They also stipulated that, pursuant to a Form 21 agreement, she was paid compensation "for temporary total disability *for a period not specifically identified in the record*" (emphasis added). In their response to plaintiff's request for hearing, defendants agreed that they had admitted compensability in a Form 21 agreement approved on 2 April 1987 and in a Form 26 agreement approved on 19 March 1987. Neither of these forms is in the record. The record does not reveal whether the payments made by defendants pursuant to these approved agreements were payable during disability. Thus, we cannot determine whether the *Watkins* presumption should have been applied. This assignment of error is overruled.

[2] In her second assignment of error, plaintiff asserts that the Commission erred by determining that she had not established by expert testimony the causal connection between her work-related injury and her inability to work.

Plaintiff first contends that defendants have admitted that her permanent disability was caused by her 9 October 1986 accident. The parties have stipulated that, on 9 October 1986, plaintiff suffered an injury by accident arising out of and in the course of her employment. They have also stipulated, pursuant to a Form 21 agreement, that plaintiff was paid compensation for temporary total disability "for a period not specifically identified in the record." This stipulation alone does not establish that defendants have admitted liability for plaintiff's alleged permanent disability. Neither the Form 21 stipulated to by the parties nor the Form 26 agreement referenced on defendants' response to plaintiff's request for hearing are in the record. We reject plaintiff's contention that the record shows that defendants have admitted liability for her alleged permanent disability.

In further support of her second assignment of error, plaintiff asserts that she established a causal connection between her injury and her disability because the stipulated medical records show she had a preexisting condition that was aggravated by her injury. The work-related injury need not be the sole cause of the problems to render an injury compensable. *Kendrick v. City of Greensboro,*

80 N.C. App. 183, 186, 341 S.E.2d 122, 123, *disc. review denied,* 317 N.C. 335, 346 S.E.2d 500 (1986). If the work-related accident "contributed in 'some reasonable degree' " to plaintiff's disability, she is entitled to compensation. *Id.* at 187, 341 S.E.2d at 124. " 'When a pre-existing, non-disabling, non-job-related condition is aggravated or accelerated by an accidental injury arising out of and in the course of employment . . . so that disability results, then the employer must compensate the employee for the entire resulting disability even though it would not have disabled a normal person to that extent.' " *Wilder v. Barbour Boat Works,* 84 N.C. App. 188, 196, 352 S.E.2d 690, 694 (1987) (quoting *Morrison v. Burlington Industries,* 304 N.C. 1, 18, 282 S.E.2d 458, 470 (1981)).

It is not clear that the Commission applied this aggravation rule. The Commission's opinion began:

> The greater weight of the evidence—and particularly the objective medical tests results and the interpretations by the several physicians who saw her—support the conclusion that her pain cannot be found to be related to the compensable accident beyond the four month period that . . . compensation was paid. That evidence suggests that the accident temporarily exacerbated her symptoms, but that any physical cause of her pain thereafter is more likely to be due to the scarring that developed from the non-work related injury.

In support of its conclusion that plaintiff had not proven a causal connection between her disability and her injury, the Commission made the following statements:

> The medical evidence is inconclusive as to the causal relation between the accident of October 9, 1986 and the back problems which plaintiff continues to suffer and the permanent partial back disability for which she has received ratings ranging from 10 to 15 percent, or the total disability which she claims. *At least two of the physicians who examined or treated plaintiff's [sic] indicate there is a causal connection between her continuing and current problems and the surgery performed in 1986 by Dr. Sims, which was not occasioned by an injury at work.*

(Emphasis added). We are particularly troubled by the last (italicized) sentence. This sentence suggests that the Commission concluded that plaintiff could not recover if the evidence showed a causal connection between her current disability and a prior condition.

HOYLE v. CAROLINA ASSOCIATED MILLS

[122 N.C. App. 462 (1996)]

The existence of competent record evidence that tends to show aggravation also suggests that the Commission did not apply the aggravation rule. None of the physicians who examined plaintiff concluded that there was <u>not</u> a causal relation between her injury and her continuing back problems. Although the Commission found that Dr. Andrea Stutesman "believed that plaintiff's problems were a result of the scar from Dr. Sims' previous operation *and not any accident of October 9, 1986*," the last clause of this finding (italicized portion) is not supported by the record evidence. In contrast, two of the doctors, concluded that there <u>was</u> a causal relationship between her 9 October 1986 injury and her continuing back problems. Dr. Donald B. Glugover first reported that he was uncertain as to how much of her disability was due to plaintiff's surgery and how much of her disability was due to her injury. However, after testing plaintiff for psychological problems, Glugover opined that half of her disability could be attributed to the surgery and half to the 9 October 1986 injury. In addition, Dr. Joseph Nicastro opined that plaintiff had aggravated a preexisting condition.

It is for the Commission, not for this Court, to weigh this evidence and to assess its credibility. *See Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). However, the Commission must do so by correctly applying the law. When "facts are found or the Commission fails to find facts under a misapprehension of the law, a remand may be necessary so that the evidence may be considered in its true legal light." *Mills v. Fieldcrest Mills*, 68 N.C. App. 151, 158, 314 S.E.2d 833, 838 (1984). We reverse and remand for a determination of whether plaintiff's 9 October 1986 injury aggravated a pre-existing condition so that it contributed in some reasonable degree to her current disability. If the Commission concludes that plaintiff's injury did so contribute to her disability, it should then determine whether she is permanently disabled, either partially or totally, and award whatever compensation is appropriate. *See Fleming v. K-Mart Corp.*, 312 N.C. 538, 545-46, 324 S.E.2d 214, 218 (1985) (stating that an employee is totally disabled if incapable of earning <u>any</u> wages and partially disabled if capable of earning <u>some</u> wages that are less than what she earned at the time of the injury).

Reversed and remanded.

Judges WYNN and JOHN concur.