JERRY M. BRAFFORD, SR., EMPLOYEE-PLAINTIFF v. BRAFFORD'S CONSTRUCTION COMPANY, EMPLOYER-DEFENDANT, AND AETNA CASUALTY AND SURETY COMPANY, CARRIER-DEFENDANT

No. COA96-469

(Filed 18 March 1997)

### 1. Workers' Compensation § 179 (NCI4th)— work-related accident—exacerbation of pre-existing injury

The Industrial Commission properly determined that plaintiff's work-related fall from a roof contributed in some reasonable degree to his current disability where a neuropsychologist opined that plaintiff's accident aggravated his existing multifocal brain damage; plaintiff testified that he recovered from neurological difficulties brought on by a previous injury; plaintiff was able to return to work as a roofer after the prior accident; and plaintiff testified that he suffered from occasional bouts of blurred vision and dizziness as a result of his recent accident. Pursuant to *Morrision v. Burlington Industries*, 304 N.C. 1, 282 S.E.2d 458, a work-related accident is compensable when a pre-existing, non-disabling, non-job-related condition is aggravated or accelerated by an accidental injury arising out of and in the course of employment.

**Am Jur 2d, Workers' Compensation §§ 317-320.**

### 2. Workers' Compensation § 390 (NCI4th)— medical opinion—causal link—reliance on plaintiff's statement of his activity level

The Industrial Commission properly permitted a neuropsychologist to offer his opinion as to whether plaintiff's recent work-related accident exacerbated his previous medical condition based on information provided by plaintiff as to his prior level of functioning.

**Am Jur 2d, Workers' Compensation §§ 586-689.**

**Admissibility of opinion evidence as to cause of death, disease, or injury. 66 ALR2d 1082.**

**Sufficiency of proof that mental or neurological condition complained of resulted from accident or incident in suit rather than from pre-existing condition. 2 ALR3d 487.**

BRAFFORD v. BRAFFORD'S CONSTRUCTION CO.

[125 N.C. App. 643 (1997)]

3. **Workers' Compensation § 416 (NCI4th)— visual impairment of hearing commissioner—surveillance tapes—no review by Full Commission**

The hearing commissioner's total visual impairment did not prevent him from reviewing surveillance videotapes of plaintiff and understanding the significance of their application to the issues where the record indicated that defendants were able to offer the contents of surveillance tapes into evidence through the testimony of a private investigator and a neuropsychologist. Consequently, the Full Commission did not err in its decision to not review the videotaped evidence.

Am Jur 2d, Workers' Compensation § 687.

4. **Workers' Compensation § 252 (NCI4th)— roofer—evidence of activities—disability finding supported by evidence**

Despite evidence which depicted several isolated events in which plaintiff, a roofer, ran errands, went to breakfast with his wife, and washed his car, the Industrial Commission's determination that plaintiff was still totally disabled was supported by plaintiff's testimony that he still suffers occasional bouts of blurred vision and dizziness, and by the written recommendation of defendants' medical expert that, while plaintiff was able to return to full work-related duties, he should not be allowed to work at unprotected heights, on a ladder, or on roofs.

Am Jur 2d, Workers' Compensation §§ 381, 382.

Appeal by defendants from Opinion and Award entered 7 December 1995 by the Full Commission. Heard in the Court of Appeals 13 January 1997.

*Cecil R. Jenkins, Jr. for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by J.A. Gardner, III and John T. Jeffries, for defendants-appellants.*

WYNN, Judge.

In 1991, the Industrial Commission approved as compensable plaintiff Jerry M. Brafford's claim for a back injury of 18 November 1990, arising out of and in the course of his employment with defendant Brafford's Construction Company. Several months thereafter,

## BRAFFORD v. BRAFFORD'S CONSTRUCTION CO.

[125 N.C. App. 643 (1997)]

defendant-carrier Aetna Casualty and Surety Co., requested that the compensation payments be stopped. Plaintiff responded by requesting a hearing; subsequently, he amended that request to indicate that he also suffered a brain injury in the 18 November 1990 accident.

At the hearing before Deputy Commissioner Richard B. Ford, the parties stipulated to approximately thirty pages of medical records, and defendants introduced four surveillance videotapes. It is relevant only for purposes of an issue raised in this appeal to indicate that Deputy Commissioner Ford has total sight impairment. Among the witnesses who testified were plaintiff; Dr. Erwin Batchelor, a neuropsychologist; and James C. Boatner, a private investigator.

In April 1995, Deputy Commissioner Ford entered an Opinion and Award finding in part that:

1. On November 18, 1990, plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant-employer when he fell approximately 14 or 20 feet to the ground while repairing a roof injuring his back, a crushed vertebrae at L-1, and head causing unconsciousness.

2. As the result of said fall, the plaintiff's head and brain were injured by closed head injury, or brain trauma principally to the left hemisphere, superimposed on previous brain injuries occurring in 1970 and 1978 causing injury at the time and exacerbating the previous injuries of 1970 and 1978.

3. As a result of the said brain injury of November 18, 1990, the plaintiff has had diminished right arm swing and use of his right hand, problem with use of language, difficulty shifting between information and new learning, non-verbal problem solving, depression and anxiety.

4. Due to his brain injury which the plaintiff sustained on November 18, 1990, he is unable to return to his former level of activity existing prior to said date of November 18, 1990 when he was able to perform his work duties although he may experience some future improvement in his activity level.

5. Although the plaintiff has been observed on March 2, 1992 to perform the functions of washing a truck at a car wash and on other occasions to drive and operate a motor vehicle, his brain injuries remain such that, at this time, he is unable to be gainfully employed and rejoin the work force as he was functioning prior to November 18, 1990.

BRAFFORD v. BRAFFORD'S CONSTRUCTION CO.

[125 N.C. App. 643 (1997)]

Deputy Commissioner Ford concluded that defendants should pay total disability compensation benefits to plaintiff until such time as he returned to work or became gainfully employed. Defendants' follow-up appeal resulted in conclusions by the Full Commission ("Commission") that defendants had not shown good grounds to (1) reconsider the evidence, (2) receive further evidence, (3) rehear the parties, or (4) amend the Opinion and Award. Defendants now appeal to this Court for relief.

The issues on appeal are whether the Commission erred in: (I) finding that the accident on 18 November 1990 exacerbated any pre-existing condition from which plaintiff suffered; (II) relying upon the testimony of Dr. Batchelor; (III) failing to reconsider defendants' surveillance videotapes; and (IV) finding that plaintiff was unable to return to his former level of activity. We find no error in the Commission's order and therefore affirm.

I.

[1] Defendants first object to the Commission's finding that the accident on 18 November 1990 exacerbated plaintiff's pre-existing condition. They contend that there was virtually no change in the symptoms reported by plaintiff subsequent to the 1990 accident from those which he suffered as a result of his previous closed head injury. They also contend that plaintiff suffered from dementia, as evidenced by cerebral atrophy, that could have caused many of plaintiff's medical problems. Nevertheless, we find that there is competent evidence in the record to support the Commission's finding.

A work-related injury need not be the sole causative force to render an injury compensable. *Kendrick v. City of Greensboro*, 80 N.C. App. 183, 186, 341 S.E.2d 122, 123, *disc. review denied*, 317 N.C. 335, 346 S.E.2d 500 (1986). "When a pre-existing, *non-disabling, non-job-related* condition is aggravated or accelerated by an accidental injury arising out of and in the course of employment . . . so that disability results, then the employer must compensate the employee for the entire resulting disability . . . ." *Morrison v. Burlington Industries,* 304 N.C. 1, 18, 282 S.E.2d 458, 470 (1981). This "aggravation rule" does not bar recovery if there is evidence of a causal connection between a claimant's current disability and a prior condition. *Hoyle v. Carolina Associated Mills*, 122 N.C. App. 462, 470 S.E.2d 357 (1996). It also *does not require that claimant suffer from new or different symptoms from those of which he previously complained*; rather, the

BRAFFORD v. BRAFFORD'S CONSTRUCTION CO.

[125 N.C. App. 643 (1997)]

claimant must only demonstrate that his work-related injury contributed in some reasonable degree to the disability. *Id.* at 466, 470 S.E.2d at 359.

In the instant case, Dr. Batchelor opined that plaintiff's work-related accident aggravated any multifocal brain damage existing prior to that time.[1] In addition, plaintiff testified that he recovered from the neurological difficulties brought on by his 1989 accident, and the record shows that he was able to return to work as a roofer. Finally, Plaintiff stated that he suffers from occasional bouts of blurred vision and dizziness as a result of this most recent accident. We find this to be competent evidence in support of the Commission's determination that plaintiff's 18 November 1990 accident contributed in some reasonable degree to his current disability.

II.

[2] Defendants next contend that Dr. Batchelor's medical opinion amounted to nothing more than "conjecture, surmise and speculation" as to the causal relationship between plaintiff's accident and his injury because the doctor relied upon a comparison between plaintiff's self-report of his level of activity before and after the 18 November 1990 accident. We find that defendants' objection is without merit.

Circumstantial evidence of the causal connection between the occupation and the disease is sufficient. *Booker v. Medical Center*, 297 N.C. 458, 476, 256 S.E.2d 189, 200 (1979). Medical opinions given may be based either on " 'personal knowledge or observation or information supplied by others, including the patient.' " *Id.* at 479, 256 S.E.2d at 202 (citation omitted).

In the instant case, relying upon the unequivocal language of *Booker*, it was permissible for the doctor to base his opinion on information provided by plaintiff. Accordingly, we must conclude that the lack of empirical data on plaintiff's prior level of functioning did not render Dr. Batchelor incapable of offering his opinion as to whether plaintiff's 1990 accident exacerbated his previous medical condition.

---

1. We note this Court recently held that a neuropsychologist's opinion as to whether an injured motorist had suffered a closed head injury was not admissible under Rule 702. *Martin v. Benson*, No. COA95-1417 (N.C. Court of Appeals Feb. 18, 1997). However, this issue is not present in the instant case because defendants did not assign error to Commissioner Ford's decision to allow Doctor Batchelor to give his medical opinion as to whether plaintiff suffered a closed head injury.

BRAFFORD v. BRAFFORD'S CONSTRUCTION CO.

[125 N.C. App. 643 (1997)]

### III.

[3] Defendants next contend that Deputy Commissioner Ford's total visual impairment prevented him from reviewing the surveillance videotapes and from understanding the significance of their application to the issues to be determined, and therefore, the Full Commission should have reconsidered the videotape evidence. We disagree.

We first note that defendants never objected nor moved for Deputy Commissioner Ford to recuse himself. More importantly, the record indicates that defendants were able to offer the contents of the surveillance tapes into evidence through the testimony of Mr. Boatner, the private investigator, and Dr. Batchelor. The record shows Mr. Boatner testified that he observed and videotaped plaintiff: (1) having breakfast at a local restaurant at which he appeared to be a regular customer; (2) operating a motor vehicle alone and, in every instance, taking the shortest, most direct route to his intended destination; and (3) washing his truck. The witness testified that plaintiff never appeared disoriented, confused, or unable to function normally. Defense counsel's cross-examination of Dr. Batchelor illustrates that counsel was able to describe the activities depicted on the tape in full detail:

Q. [Plaintiff] is in one of these car washes where you have a wand overhead, and he is using the spray wand to wash his truck; is that correct?

A. That's correct.

Q. And he is holding the wand with his right hand over his head and moving it back and forth, is that correct?

A. That's correct.

Q. No apparent abnormalities about the use of his right arm in that situation, is that correct?

A. That's correct. . . .

Q. He has also got what appears to be a pistol grip type mechanism that would require one to pull a trigger of some kind with his right hand to actually make the water flow, is that correct?

A. That's correct. . . .

Q. And this is a pretty big sized pickup truck, is it not, in terms of being tall . . . now he's stepping up on a rail of the truck to get to the top of it so that he can wash the top with the wand again using his right hand; is that right?

A. Yes sir.

Q. He doesn't appear to be having any problem with balance in association with doing that, does he? . . .

A. He looked like he did okay.

Thus the record shows that defendants were successful in having all their evidence considered despite Deputy Commissioner Ford's visual impairment. Therefore, we affirm the Full Commission's decision not to review the videotape evidence.

## IV.

[4] Finally, defendants object to the Commission's finding of fact that plaintiff's brain injuries remained such that he was still unable to rejoin the work force. They contend that the level of activity depicted in the surveillance tapes proves that plaintiff no longer suffers from any disability. We find however, that there is evidence in the record to support the Commission's finding that plaintiff was still disabled. If there is competent evidence to support a finding of fact of the Industrial Commission, such finding is conclusive on appeal, even though there is evidence that would have supported a finding to the contrary. *Woodell v. Starr Davis Co.*, 77 N.C. App. 352, 356, 335 S.E.2d 48, 50 (1985) (citation omitted).

Defendants' surveillance videotapes depicted several isolated events in which plaintiff ran errands, went to breakfast with his wife, and washed his car. However, plaintiff testified that he still suffered occasional bouts of blurred vision and dizziness. This testimony was competent and adequately supports the finding made. "The credibility and weight of plaintiff's testimony was for the Commission to decide, not us." *Perkins v. Broughton Hospital*, 71 N.C. App. 275, 279, 321 S.E.2d 495, 497 (1984) (citation omitted). We note that in its Opinion and Award, the Commission did not state that plaintiff was completely disabled; rather, it found that his brain injuries remained such that he was unable to return to his regular job *as a roofer*:

As a result of the compensable injury by accident, <u>plaintiff is unable to return to his regular job and defendants have not offered him suitable work.</u> Plaintiff is in need of vocational assist-

ance in order to conduct a meaningful search for employment which is suitable to his capacity. Plaintiff's capacity shall be determined by an evaluation as Ordered herein. (Emphasis added).

Moreover, the Commission's determination that plaintiff is still disabled is supported by the written recommendation of Dr. John Camp, defendants' medical expert, who recommended that while plaintiff was able to return to full work-related duties, he not be allowed to work at unprotected heights, on a ladder, or on the roofs themselves. Since there is competent evidence to support this finding, we affirm the Commission's determination.

Affirmed.

Chief Judge ARNOLD and Judge COZORT concur.