***********
The undersigned have reviewed the prior Opinion and Award based upon the record of
the proceedings before Deputy Commissioner Donovan and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission hereby AFFIRMS the Opinion and Award of Deputy Commissioner Donovan with modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Commission, and this is the Court of proper jurisdiction for this action. *Page 2 
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On the date of injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. At all relevant times, an employment relationship existed between the parties.
5. Norgard Insurance Company is the compensation carrier on the risk.
6. Plaintiff's average weekly wage is $385.24, yielding a compensation rate of $256.83 per week.
7. Plaintiff's date of injury is 30 November 2005.
8. Plaintiff has been paid 125 weeks of temporary total disability benefits totaling $32,103.75.
9. The issues for determination before the deputy commissioner were:
 a. To what, if any, medical and other benefits is plaintiff entitled?
 b. Whether plaintiff is permanently and totally disabled from employment?
 c. Whether plaintiff is entitled to sanctions against defendants?
 d. Whether the condition for which plaintiff requests surgery is causally related to his compensable injury and likely to provide relief, effect a cure or lessen the period of disability?
 *********** EXHIBITS
1. The parties stipulated the following documentary evidence:
 a. Stipulated Exhibit #1: I.C. Forms, medical records
 b. Stipulated Exhibit #2: Vocational assessment *Page 3 
2. In addition to Stipulated Exhibit(s), the following Exhibits were admitted into evidence:
 a. Plaintiff's Exhibit # 1: Prescription for TENS
 b. Plaintiff's Exhibit # 2: email
 c. Plaintiff's Exhibit # 3: Dr. Margraf note
 d. Plaintiff's Exhibit # 4: Dr. Margraf note fax
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was 62 years old. Plaintiff has received his GED. His work history consists primarily of construction, maintenance, custodial work, and delivery work. Plaintiff began working for defendant-employer in 1997. His job duties were as a delivery driver and included delivering laser cartridges and occasionally moving printers.
2. On 30 November 2005, plaintiff suffered a herniated cervical disc while performing his normal job duties. Plaintiff's claim was accepted as compensable by defendants and defendants have paid for all compensation and medical treatment, including an anterior cervical decompression and fusion on 15 December 2005, performed by Dr. Russell Margraf. Following surgery, plaintiff's strength improved, but he continued to suffer from persistent neck and arm pain. He also developed a problem with choking secondary to the surgery as well as depression. Plaintiff's pain is chronic. *Page 4 
3. Plaintiff has been treated with physical therapy and medications. On 30 July 2007, Dr. Margraf prescribed a TENS unit for plaintiff's home use, and on 5 September 2007, he prepared a letter recommending that plaintiff undergo continuing conservative pain management with Dr. Steven Prakken. Although initially denied by defendants, defendants agreed to provide plaintiff with a TENS unit and treatment with Dr. Prakken.
4. In addition to his compensable neck injury, plaintiff has a number of pre-existing, health problems, including, hypertension, hypercholesterolemia, and diabetes, complications of diabetes, high blood pressure, gout, depression and anxiety. His family doctor, Dr. Brett Foreman, has been managing his overall health condition.
5. Dr. Foreman testified that plaintiff's other preexisting health conditions were aggravated by his neck injury and that plaintiff will require treatment for all of those conditions at least in part as a result of plaintiff's compensable neck injury and chronic neck pain. Dr. Foreman opined that more likely than not, plaintiff's neck and arm pain are a factor in plaintiff's disability. Dr. Foreman further opined that without the neck and back pain and depression, plaintiff's preexisting conditions would not completely prevent plaintiff from working. Although Dr. Foreman testified that plaintiff would continue to need treatment for his other preexisting health problems in the absence of his compensable neck injury, Dr. Foreman opined that his treatment recommendations for plaintiff's preexisting health problems would change if plaintiff's neck and back pain and depression were alleviated and that such alleviation would have a positive effect on plaintiff's condition. In addition, plaintiff's preexisting knee pain by itself would prevent plaintiff from performing some types of jobs but would not prevent plaintiff from working completely. *Page 5 
6. Based upon the greater weight of the evidence, plaintiff's preexisting conditions were aggravated by plaintiff's chronic pain secondary to his compensable neck condition.
7. Plaintiff has been unable to return to work following his surgery. Although plaintiff has reached maximum medical improvement for many of his conditions, Dr. Foreman and Dr. Margraf both opined, and the undersigned find, that plaintiff is totally disabled from competitive employment. Plaintiff will continue to require treatment in the future, including physical therapy, epidural steroid injections, a TENS unit, potential future neck surgery, professional care and treatment for his depression and anxiety, and follow up testing and doctor visits for his other medical conditions as a result of plaintiff's compensable neck injury and chronic pain.
8. Plaintiff's treatment with Dr. Margraf, Dr. Foreman, and Dr. Prakken is reasonably necessary to effect a cure and provide relief. Dr. Margraf, Dr. Foreman, and Dr. Prakken are approved to be plaintiff's authorized treating physicians.
9. Plaintiff's average weekly wage is $385.24, yielding a compensation rate of $256.83 per week.
10. Defendants did not defend this claim without reasonable ground.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of the employment on 30 November 2005. N.C. Gen. Stat. § 97-2(6). *Page 6 
2. Where an employee contends that a work-related injury has aggravated a pre-existing medical condition, he must demonstrate that the injury materially aggravated or accelerated the pre-existing injury. Brown v. Family Dollar DistributionCenter, 129 N.C. App. 361, 499 S.E.2d 197 (1998). The aggravation of a pre-existing condition that results in the loss of wage earning capacity is a compensable injury. Smith v. Champion Int'l,134 N.C. App. 180, 517 S.E.2d 164 (1999); Hoyle v. CarolinaAssociated Mills, 122 N.C. App. 462, 470 S.E.2d 357 (1996). On 30 November 2005, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer, which aggravated plaintiff's preexisting conditions. N.C. Gen. Stat. § 97-2(6).
3. Once plaintiff presents competent evidence of his inability to earn wages, the burden then shifts to defendant to show that plaintiff is capable of obtaining suitable employment, taking into account his physical and vocational limitations. Kennedy v.Duke Univ. Med. Center, 101 N.C. App. 24, 398 S.E.2d 677 (1990). Where there is insufficient evidence to indicate defendant met its burden, plaintiff is entitled to permanent and total disability benefits. Shaw v. U.P.S.,116 N.C. App. 598, 449 S.E.2d 50 (1994), aff'd,342 N.C. 189, 463 S.E.2d 78 (1995).
4. In the present case, plaintiff presented competent evidence of his inability to earn wages, satisfying his burden of proving disability. N.C. Gen. Stat. § 97-2(9). Defendant did not meet their burden to show that employment is available for plaintiff and that he would be capable of obtaining employment, taking into account his physical and vocational limitations. As a result, plaintiff is entitled to permanent total disability benefits at the rate of $256.83 per week beginning 30 November 2005 and continuing throughout his lifetime. N.C. Gen. Stat. § 97-29; Shaw v.U.P.S., supra; Kennedy v. Duke Univ. Med. Center, supra. *Page 7 
5. Plaintiff is entitled to have defendant pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability, including treatment with Dr. Margraf, Dr. Foreman, and Dr. Prakken, for his compensable neck condition, chronic pain, hypertension, hypercholesterolemia, diabetes, complications of diabetes, high blood pressure, gout, depression, and anxiety, subject to the statute of limitations prescribed in N.C. Gen. Stat. § 97-25.1. Dr. Margraf, Dr. Foreman, and Dr. Prakken are hereby approved as plaintiff's authorized treating physicians. N.C. Gen. Stat. §§ 97-2(19), 97-25.
6. N.C. Gen. Stat. § 97-88.1 permits an award of attorney's fees as a sanction where "any hearing has been brought, prosecuted, or defended without reasonable ground." Here, defendants did not bring, prosecute, or defend any hearing with regard to the authorization of a TENS unit or pain management. Therefore, attorney's fees under N.C. Gen. Stat. § 97-88.1 are inappropriate.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendants shall pay permanent total disability compensation to plaintiff at the rate of $256.83 per week for the remainder of plaintiff's life.
2. A reasonable attorney's fee of 25% of the compensation awarded to plaintiff in Paragraph 1 above is hereby approved to be deducted from sums due plaintiff and paid directly to counsel in the form of every fourth payment being paid directly to plaintiff's counsel. *Page 8 
3. Defendants shall pay medical expenses incurred or to be incurred when medical bills have been submitted according to established Industrial Commission procedures.
4. Defendants shall pay the costs.
This the 21st day of July 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1