***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments of the parties with reference to the errors assigned. Defendants have not shown good grounds to reconsider the evidence, to receive further evidence or to rehear the parties or their representatives. Accordingly, the Full Commission AFFIRMS with some modifications, the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
 STIPULATIONS *Page 2 
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Defendant-Employer, Ironmen of Fayetteville, Inc., was insured at the time of the July 18, 2008 alleged injury and Stonewood Insurance Company was the carrier.
3. On July 18, 2008, Plaintiff had been employed by Defendant-Employer since February, 2006. Plaintiff was terminated from employment on September 22, 2008.
4. On July 18, 2008, the Plaintiff's average weekly wage was $941.99, yielding a compensation rate of $627.99.
5. The Defendants initially filed a Form 63 dated August 21, 2008. Thereafter, Defendants denied the claim by filing a Form 61 dated September 15, 2008. Plaintiff filed a Form 18 in this matter on October 2, 2008, after receiving Defendants' denial.
6. Plaintiff underwent a total knee replacement on January 22, 2009, performed by Dr. Stephen Kouba at Cape Fear Valley Health System.
7. The parties also stipulated to certain medical records, personnel and employment records, discovery responses, and all Industrial Commission forms filed in the matter.
 *********** ISSUES
1. Whether Plaintiff is entitled to benefits under the Workers' Compensation Act as a result of his July 18, 2008 alleged injury, and if so, to what benefits is he entitled?
2. Whether Plaintiff is entitled to attorney fees pursuant to N.C. Gen. Stat. § 97-88.1?
 ***********
Based upon all of the competent and credible evidence of record herein, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 57 years old, a high school graduate, and had worked more than four years with Defendant-Employer as a sales representative. Defendant-employer was involved in the fabrication of wrought iron for new construction. Plaintiff was required to visit new construction sites and measure homes under construction for wrought iron railings.
2. Plaintiff was working for Defendant-Employer on July 18, 2008 when he stepped off of an unfinished porch at a new construction site that was approximately two feet high onto "un-level ground" while carrying a clipboard and tape measurer in his hand and twisted his knee, causing immediate pain. There is no evidence indicating that Plaintiff had worked at this particular construction site before. Plaintiff's testimony that the place on the ground upon which he stepped was not as level as he thought it was and the porch "might have been a little bit taller than what I thought it was" is found to be credible. The Full Commission finds that Plaintiff's resulting injury was due to an accident.
3. Plaintiff's injury occurred on Friday, July 18, 2008 and he reported it to his employer on Monday of the following week. The Form 19 completed by Defendant-Employer on August 11, 2008 noted that Plaintiff twisted his right knee when he stepped off of a two-foot high porch.
4. Defendants initially filed a Form 63, but then filed a Form 61 dated September 15, 2008 denying the claim.
5. Plaintiff was terminated from employment with Defendant-Employer on September 22, 2008 for an unrelated matter. *Page 4 
6. Plaintiff was initially seen on July 21, 2008 at the office of his primary care physician, Cape Fear Valley Primary Care Practices, with right knee pain. Dr. Johnnie Moultrie noted that Plaintiff had chronic knee pain, which was exacerbated by recent trauma.
7. Plaintiff came under the care of Cape Fear Orthopaedic Clinic on August 6, 2008. Plaintiff informed the physician assistant who evaluated him on that day that he stepped off a two-foot high porch and felt immediate pain on the medial aspect of his right knee. He also gave a history of an injury to his knee one week prior to stepping off the porch, but stated that the injury of July 18, 2008 made the pain worse. Plaintiff was diagnosed with right knee pain, osteoarthritis and a possible medial meniscus tear. He was referred for an MRI.
8. An MRI of Plaintiff's right knee was performed on October 3, 2008 and was read to show a complex tear of the posterior horn of the medial meniscus, with osteoarthritic changes in the medial femoral tibial compartment.
9. Plaintiff saw Dr. Stephen Kouba, a board certified orthopaedic surgeon, on October 10, 2008. Dr. Kouba noted that Plaintiff reported he was stepping down from a porch and injured his knee, which resulted in a different kind of pain than he had experienced prior to July 18, 2008. Dr. Kouba recommended a total knee replacement.
10. Plaintiff underwent a total knee replacement with Dr. Kouba on January 22, 2009 at Cape Fear Valley Medical Center.
11. Dr. Kouba or his medical staff wrote Plaintiff out of work from August 6, 2008 until April 22, 2009. Plaintiff was given permanent restrictions of no lifting greater than 20 pounds and advised to avoid kneeling, squatting, crawling and climbing ladders. *Page 5 
12. Plaintiff returned to work for a different employer in ironwork sales on April 19, 2009. He also continued to participate in his catering business. Plaintiff estimated his average weekly wage to be $200.00 per week after his return to work.
13. Dr. Kouba prepared written opinions on November 29, 2008 and testified by deposition on August 25, 2009 consistent with his written opinions. Dr. Kouba opined, to a reasonable degree of medical certainty, that the incident of July 18, 2008, more likely than not, significantly aggravated the pre-existing arthritis in Plaintiff's' right knee, was a cause or significantly aggravated the tearing of the posterior horn of Plaintiff's right knee and caused or significantly aggravated the tearing of the medial meniscus of Plaintiff's right knee. Dr. Kouba further opined that the injury of July 18, 2008 and resulting aggravation of these conditions resulted in the need for Plaintiff to undergo a total right knee replacement.
14. Plaintiff's testimony was corroborated by his friend, Gary Horne.
15. The Plaintiff has not yet reached maximum medical improvement and has not received a permanent partial disability rating to his right leg as a result of his right knee injury.
16. Defendants had reasonable grounds to defend this claim.
17. Defendant-insurer brought this appeal to the Full Commission from a decision of the Deputy Commissioner paying compensation to Plaintiff. By its decision herein the Full Commission is affirming the Deputy Commissioner decision and ordering Defendant-insurer to pay compensation to Plaintiff. The costs of this appeal should be taxed to Defendant-insurer.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 6 
1. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment on July 18, 2008, when he misjudged the distance from the porch to the ground and stepped off of a two-foot high, unfinished porch at a new construction site onto ground that was not as level as he thought it was and unexpectedly twisted his right knee, while working for Defendant-Employer. The circumstances resulting in Plaintiff's injury constituted an accident under N.C. Gen. Stat. § 97-2(6). The elements of an accident are the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Adams v. Burlington Industries,61 N.C.App. 258, 260, 300 S.E.2d 455, 456 (1983).
2. Although Plaintiff had degenerative problems in his knee prior to July 18, 2008, he was able to work and tolerate his pain until his current injury. Plaintiff has established through competent medical evidence that his injury by accident on July 18, 2008 significantly aggravated the pre-existing arthritis in his right knee, was a cause of, or significantly aggravated the tearing of the posterior horn of his right knee and caused or significantly aggravated the tearing of the medial meniscus of his right knee. Plaintiff has also proven that this injury resulted in the need for his total right knee replacement.Whitfield v. Lab. Corp. of Amer.,158 N.C.App. 341, 350, 581 S.E.2d 778, 784 (2003).
3. Plaintiff's resulting disability due to the aggravation of his right knee condition is compensable. "The work-related injury need not be the sole cause of the problems to render an injury compensable." If the work-related accident contributed in some reasonable degree to Plaintiff's disability, he is entitled to compensation for any resulting disability. Smith v. ChampionInt'l, 134 N.C.App. 180, 182, 517 S.E.2d 164, 166 (1999);Hoyle v. Carolina Associated Mills,122 N.C.App. 462, 465-66, 470 S.E.2d 357, 359 (1996). *Page 7 
4. Plaintiff is entitled to have Defendants pay for all medical treatment reasonably related to his injury by accident for so long as such treatment tends to effect a cure, give relief or lessen his period of disability. The treatment rendered by Dr. Moultrie and Dr. Kouba and his medical staff is related to Plaintiff's compensable injury of July 18, 2008 and has been reasonably required to effect a cure, give relief or lessen the period of Plaintiff's disability. N.C. Gen. Stat. § 97-25.
5. As a result of Plaintiff's compensable injury on July 18, 2008, he was unable to work from September 22, 2008 through April 19, 2009, as he was medically written out of work during this period, and he is entitled to temporary total disability compensation at a compensation rate of $627.99 for this period. N.C. Gen. Stat. § 97-29.
6. Prior to reaching maximum medical improvement, Plaintiff returned to work on April 22, 2009 earning diminished wages. Plaintiff's entitlement to further disability compensation after April 22, 2009 is reserved for later determination after Plaintiff has reached maximum medical improvement. N.C. Gen. Stat. §§ 97-29, 97-30 and 97-31.
7. Defendants had reasonable grounds to defend this claim; therefore, Plaintiff is not entitled to sanctions under N.C. Gen. Stat. § 97-88.1.
8. Plaintiff is entitled to attorney fees pursuant to N.C. Gen. Stat. § 97-88 as part of the bill of costs for defending Defendant-insurer's appeal to the Full Commission.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD *Page 8 
1. Defendants shall pay to Plaintiff temporary total disability compensation at the rate of $627.99 per week for the period from September 22, 2008 through April 19, 2009. Said amount shall be paid to Plaintiff in a lump sum, less 25 percent, which shall be deducted and paid directly to Plaintiff's counsel as an approved attorney's fee.
2. Defendants shall pay all medical expenses incurred or to be incurred by Plaintiff as a result of his injury on July 18, 2008, including, but not limited to, evaluation and treatment by Dr. Moultrie, and treatment and surgery performed by Dr. Kouba, for so long as such examinations, evaluations, and treatment tend to effect a cure, give relief, or lessen Plaintiff's period of disability.
3. Plaintiff's entitlement to further disability compensation after April 22, 2009 is reserved for later determination after Plaintiff has reached maximum medical improvement. Either party may file a Form 33 request for hearing to determine this issue if the parties cannot agree.
4. As part of the bill of costs Defendants shall pay an attorney fee to Plaintiff's counsel for time spent defending this appeal to the Full Commission. Counsel for Plaintiff shall submit to the attention of Commissioner Bernadine S. Ballance an itemized statement of the hours spent defending Defendant-insurer's appeal and an affidavit in support of a request for attorney fees.
5. Defendants shall pay the costs of these proceedings.
This the ___ day of May 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 9 
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1